11-20944.oc

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20944 CIV MORENO/BROWN

BAY PARK TOWERS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE INSURANCE CORPORATION,

    Defendant.

_____/

## ORDER GRANTING MOTION IN LIMINE
## RE: "MATCHING"

**This matter** is before this Court on Defendant's Motion in Limine to Preclude Testimony and Evidence Regarding "Matching" ...(D.E. 39). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court finds the cases of <u>Ocean View Towers Association, Inc. v. QBE Insurance Corp.</u> 2012 WL 8569 (S.D. Fla. 2011) and <u>Strasser v. Nationwide Mutual Insurance Co.</u> 2010 WL 667945 (S.D. Fla. 2010) quite persuasive - notwithstanding plaintiff's "tortured" attempt to make the <u>Strasser</u> case say something it doesn't. Both cases, soundly and with excellent reasoning, reject the position of plaintiff herein, and plaintiff has really cited nothing in support of same.

Plaintiff opposes this motion with the novel - though totally unsupported - theory that if QBE does not elect to make a payment, "then said provisions do not apply and therefore, cannot be used to restrict the coverage which the Policy does not provide" (Resp. p. 2). Apparently plaintiff would

1

have a new and novel theory - in insurance cases, if it is determined that the insurer breaches a condition of the policy, all provisions, limitations, and other conditions no longer exist. Damages may be recovered if incurred - whether they would have been covered by the policy or not!

Plaintiff then "stretches" the holding in <u>Strasser</u> (which is not a holding but, at best, dicta) and points out that "this identical language 'requires that Defendant match' when it opts to make the repairs itself" (Resp. p. 2). While the statement is accurate, the <u>holding</u> in that case is that it's defendant's choice and unless and until defendant chooses to utilize that method of addressing damages in this case, evidence and testimony regarding same are completely irrelevant and immaterial and further might unduly prejudice the jury.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**.

**DONE AND ORDERED** this 20th day of January, 2012, at Miami, Florida.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Federico A. Moreno
    counsel of record